**STATE of Utah, Plaintiff and Respondent,**

v.

**Douglas Rex YOUNG, Defendant and Appellant.**

**No. 14531.**

Supreme Court of Utah.

Jan. 13, 1977.

---

Larry R. Keller, of Salt Lake County Legal Defender's Ofc., Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Robert B. Hansen, William W. Barrett, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice.

The defendant, Young, was seen by the manager of an apartment building in the apartment of one of his tenants. He ran around to the front of the building and saw the defendant running down an alley. The time was approximately 12:30 a. m., so the manager gave chase and captured the defendant.

When the manager's wife came down and stated that she had called the police, the defendant broke loose from the manager's hold. The wife then grabbed defendant's hand and thereupon noticed that the defendant had drawn a knife from his pocket. The defendant freed himself from her and told the manager to stay away or he would kill him. He then ran across the street to his car and drove away. The manager got the license number of the car; subsequently, the defendant was arrested and charged with the crime of aggravated burglary. He was tried, convicted, and now brings this appeal.

There is no question but that the evidence was sufficient to prove the crime of burglary. The defendant claims the crime of aggravated burglary was not made out.

The statute under which the defendant was prosecuted is Section 76–6–203, U.C.A. 1953, as amended, Vol. 8, 1975 Pocket Supp., which reads:

(1) A person is guilty of aggravated burglary if in attempting, committing, or fleeing from a burglary, the actor or another participant in the crime:

(a) Causes physical injury to any person who is not a participant in the crime; or

(b) Uses or threatens the immediate use of a dangerous or deadly weapon against any person who is not a participant in the crime; or

(c) Is armed with a deadly weapon or possesses or attempts to use any explosive or deadly weapon.

It requires no great argument to see that the appellant was fleeing, and since the jury on sufficient evidence found he was guilty of burglary, he was fleeing from a burglary. He did cause physical injury to the apartment manager in that the blow to the face stunned him which satisfies the requirement of subsection (a) of the statute. The jury was justified in finding that he did threaten to kill the manager if the manager did not stay away; and at that time he was armed with a knife which had a blade four or five inches long. He could have inflicted great bodily injury or even death to the manager with such a weapon. Even if a stunning blow to the face is not considered to be "physical injury" under

subsection (a) above as claimed by the appellant, the elements of the crime listed under subsection (b) and (c) of the statute were amply made out.

Other assignments of error made regarding the giving of instructions have been carefully considered. We find them to be without merit. The appellant had a fair trial and was fairly convicted. There is no error and the judgment should be, and it is, affirmed.

HENRIOD, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.